UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLETTA TOWNSEND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:19CV80 JCH |
| | ) | |
| ANGELA MESMER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Willetta Townsend's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is fully briefed and ready for disposition.

On September 3, 2014, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of robbery in the first degree and one count of armed criminal action. On October 24, 2014, Petitioner was sentenced to ten years imprisonment on Count 1, and three years' imprisonment on Count 2, with said sentences to run concurrently.  The Missouri Court of Appeals affirmed the convictions and sentences.  *State v. Townsend*, 478 S.W.3d 529 (Mo. App. 2015).  Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing.  The Missouri Court of Appeals affirmed the denial of post-conviction relief.  *Townsend v. State*, 575 S.W.3d 245 (Mo. App. 2018).

Petitioner is currently incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri.  As the Court construes the instant petition for writ of habeas corpus, Petitioner raises the following four claims for relief:

(1)     That Petitioner received ineffective assistance of counsel, in that trial counsel

– 1 –

failed to object to a variance between the charge and the jury instructions;

(2)    That Petitioner's due process rights were violated, as there was insufficient evidence presented at trial concerning her mental state;

(3)    That Petitioner received ineffective assistance of counsel, in that trial counsel "[failed] to tell me about a plea offer on the eve of trial"; and

(4)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object to perjured testimony.

The Court will address the claims in turn.

## DISCUSSION

### I.    Ground 1

As stated above, in Ground 1 of her petition Petitioner asserts she received ineffective assistance of counsel, in that trial counsel failed to object to a variance between the charge and the jury instructions. Specially, Petitioner states as follows: "The indictment was only for bus tickets which the victim stated in the police report that she grabbed them from me. I did not leave the scene with the bus tickets and I indicted for a wig." (§ 2254 Petition, P. 6). Petitioner raised essentially the same claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

#### FINDINGS OF FACT

3.    The State's evidence at movant's[1] trial was that movant boarded a public bus and handed the bus driver a bus transfer that was "folded up real small." The driver asked to see the pass so movant opened it and handed the pass to the driver, and began swearing at the driver. Movant then went back and sat down in the bus. When another passenger got off the bus movant moved up to the front and sat across from the driver, and movant was "steady talking" but the driver ignored her. Movant eventually got out of her seat and stood over the driver with a knife in her hand. While standing over the driver movant threatened to stab the driver with the knife she was holding. Movant then grabbed bus transfers and tried to get out the door of the bus, which had been opened to let another passenger off. While the driver was shutting the door, movant "hit me upside my head and took my wig off." Movant

---

1 Petitioner is referred to as "movant" by the post-conviction motion court and the Missouri Court of Appeals.

then jumped out the door of the bus and fled.  A passenger who was seated near the center of the bus observed the incident and testified at the trial.  The passenger heard movant using profanities and saw a knife in her hand.  The passenger exited the bus and tried without success to pursue movant.

4.      Movant testified at her trial that her pass was folded in half when she got on the bus, the driver said something "smart-alecky" to her and she showed the driver her pass.  Movant went back and sat in the middle of the bus but then moved forward because the driver "kept going on with the argument over a bus transfer."  She got into an argument with the driver, it escalated, they threatened each other and she then pulled her knife out.  They continued to argue, movant grabbed the passes, and then tried to get off the bus but the driver closed the door. Movant said she got the door open, grabbed the driver's wig and walked off.  Movant said she never threatened the driver with her knife….

## CONCLUSIONS OF LAW

2.      ….To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney and that he was thereby prejudiced.  Williams v. State, 168 S.W.3d 433, 439 (Mo. banc 2005); Wilkes v. State, 82 S.W.3d 925, 927 (Mo. banc 2002).  The movant must satisfy both the performance prong and the prejudice prong.  State v. Boyce, 913 S.W.2d 425, 429 (Mo.App. E.D. 1996)…..

3.      Movant's remaining claim is that [her] trial attorney was ineffective for failing to object to the verdict directing instruction for robbery first degree that varied from the charge in the indictment.  Movant claims she was charged with robbery for taking the bus passes, while the verdict directing instruction required the jury to find that she took both the bus passes and the wig.  In other words, the verdict directing instruction increased the State's burden of proof.

The Court finds this claim is without merit.  Contrary to counsel's suggestion that the instruction included a method for commission of the offense that was not charged, the verdict directing instruction required a finding that movant committed the charged offense of taking bus passes, and added the additional requirement that she also took the wig.  Movant argues that the addition of the reference to taking a wig undercut her defense that the crime was only a stealing because she did not display the knife until after the bus passes had been taken.  However, the use of "and" between bus passes and "a wig", coupled with the requirement in paragraph Fourth that the jury find movant displayed or threatened the use of what appeared to be a dangerous or deadly weapon in taking "the property" refutes movant's argument.  Clearly the jury was required to find that movant displayed or threatened the use of the knife in taking the bus passes.

(Resp. Exh. F, PP. 47-48, 51-53).  Movant advanced the claim on appeal from the denial of her 29.15

motion, and the Missouri Court of Appeals denied the claim as follows:

> In her second point, Movant contends the motion court clearly erred in denying an evidentiary hearing where she raised facts unrefuted by the record concerning ineffective assistance of trial counsel in failing to object to Jury Instruction No. 5.  Movant argues trial counsel should have objected to the instruction's deviation from the original charging document's identification of bus transfer tickets as the sole property forcibly taken to also include the forcible taking of the driver's wig.  To support this argument, Movant repeats her timing argument first raised on direct appeal, noting "it was only after the theft of the bus transfers had been completed that [Victim] testified that she had seen the knife and [Movant] threatened her."  Movant claims that the additional item caught counsel by surprise, depriving her of both notice of the charge and the possibility of acquittal of robbery in the first degree.
>
> Movant is correct that failure to object to an improper jury instruction can satisfy the performance prong of the test for ineffective assistance of counsel.  *See, e.g., Tilley v. State*, 202 S.W.3d 726, 734 (Mo. App. S.D. 2006); *Patterson v. State*, 110 S.W.3d 896, 903-04 (Mo. App. W.D. 2003); *Carter v. State*, 988 S.W.2d 600, 601 (Mo. App. E.D. 1999).  However, the analysis can neither rest upon the conclusory assumption that the instruction was improper, nor stop at the performance prong of ineffective assistance.  For example, *Patterson* includes assessment of rejected submission of lesser-included offense ***improperly drafted by trial counsel*** as indicating a lack of reasonable trial strategy; *Tilley* focuses upon an absence in prejudice by the Court omitting language cured by another instruction which its findings of facts and conclusions of law stated it would have cured; and *Carter* went uncontested by the State that the allegations were not refuted by the record.  *Id.* Standing alone, a lack of an objection to improper jury instruction is not self-proving of ineffectiveness of counsel.  *Cf, e.g., Hughes v. State*, 232 S.W.3d 596, 601 (Mo. App. S.D. 2007) (noting non-objection to instructions can be strategic in nature where objection would conflict with theory of the defense).
>
> Focusing instead on prejudice, the State argues, had trial counsel objected, there was no guarantee that the motion court would have sustained and no reason to believe it would have denied an attempt to amend the charge to conform to the evidence by substituting an information for the indictment under Rule 23.08(a). According to the State, the description of property need not be accurate because the additional piece of property did not charge a different offense.  *See State v. Johnson*, 457 S.W.2d 762, 765 (Mo. 1970) (citing 77 C.J.S. Robbery s 44b, p. 482) ("The proof must show a taking of some property, substantially as charged, but if the taking of several items is alleged, it is sufficient to prove the taking of any one of them.")
>
> Movant's argument focuses upon the second prong of Rule 23.08(b) which prohibits substitution of an information for an indictment where a defendant's substantial rights are thereby prejudiced.  According to Movant, adding the wig

constructively amends the charge rather than offers variance in method. *See State v. Marks*, 721 S.W.2d 51, 57 (Mo. App. W.D. 1986) (Clark, C.J., concurring) ("[T]he only issue for decision is whether the variance between the information and the instruction result in the statement of two different offenses."). A variance is prejudicial if it affects the defendant's ability to adequately defend against the charges in the information and the jury instructions. *State v. Lee*, 841 S.W.2d 648, 650 (Mo. banc 1992).

Movant disputes the motion court's reliance on *State v. Clark*, 488 S.W.3d 150, 156 (Mo. App. E.D. 2016), focusing upon the timing issue presented by trial counsel of whether the knife was "used" to take the transfers, the wig, both, or neither.[2] The motion court correctly noted Movant's argument seeking to distinguish *Clark* was foreclosed by our finding on direct appeal: "the evidence shows that [Movant] displayed the knife and threatened to stab the bus driver just before or contemporaneous with taking the transfers **and** the wig." (Emphasis added). A finder of fact is presumed to follow the law, and post-conviction proceedings are not the place to relitigate issues of fact already properly determined at trial and settled on appeal. *See State v. Brown*, 913 S.W.2d 919, 923 (Mo. App. W.D. 1996). Absent the timing argument, the addition or subtraction of the wig to the instruction has no prejudicial effect, as conviction on the offense for the taking of the bus transfer tickets alone suffices. *See State v. Johnson*, 457 S.W.2d 762, 765 (Mo. 1970). Accordingly, the motion court's denial is not clearly erroneous.

Point II is denied.

(Resp. Exh. I, PP. 8-11).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of

---

2 In *Clark*, the Court found instructing a jury on multiple acts in the conjunctive (*i.e.*, both act 1 **and** act 2, each beyond a reasonable doubt) effectively heightens the State's burden where one act alone would have been sufficient to sustain conviction with a unanimous verdict. *State v. Clark*, 488 S.W.3d 150, 156 (Mo. App. E.D. 2016). Essentially, Movant argues that because the wig could not sustain a conviction alone for its non-inclusion in the indictment, *Clark* is inapposite.

the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under federal law, in order to prevail on her ineffective assistance of counsel claim, Petitioner must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Upon consideration the Court finds it unnecessary to consider the reasonableness of counsel's conduct, because Petitioner fails to demonstrate the requisite prejudice. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). As noted above, both the post-conviction motion court and the Missouri Court of Appeals found that although the verdict directing instruction for robbery first degree varied from the charge in the indictment, it actually increased the State's burden of proof. Petitioner here makes no effort to demonstrate that the result of her proceeding would have been different, had counsel objected to the instruction requiring a heightened finding by the jury in order to sustain a guilty verdict. As such, the Court

– 6 –

finds the decision of the state courts is both supported by the evidence and in accord with federal law.  Ground 1 of Petitioner's § 2254 petition must therefore be denied.[3]

## II.     <u>Ground 2</u>

As stated above, in Ground 2 of her petition Petitioner asserts that her due process rights were violated, as there was insufficient evidence presented at trial concerning her mental state. Petitioner raised this claim in her Motion for Judgment of Acquittal at the Close of All Evidence, and the trial court denied relief.  (*See* Respondent's Exh. B, PP. 19, 35).  She did not raise the claim on direct appeal of her convictions, however.

"A section 2254 applicant's failure to raise a claim in state post-conviction proceedings results in procedural default of that claim."  *Lyons v. Luebbers*, 403 F.3d 585, 593 (8th Cir. 2005) (citation omitted); *see also Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir.) (citation omitted) ("Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted."), *cert. denied*, 552 U.S. 923 (2007).  "To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording such courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim."  *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir.) (internal quotation marks and citations omitted; alteration in original), *cert. denied*, 540 U.S. 870 (2003).  "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which [s]he is attempting to raise in [her] federal habeas petition."  *Id.* at 1021 (internal quotation marks and citations omitted).

As stated above, in Ground 2 of her petition Petitioner asserts that her due process rights were violated, as there was insufficient evidence presented at trial concerning her mental state.

---

3 In light of the above ruling, the Court need not consider whether counsel's performance was deficient.

While Petitioner raised this claim in her Motion for Judgment of Acquittal at the Close of All Evidence, she failed to pursue it on direct appeal of her convictions. Thus, "federal habeas review of the claim[] is barred unless the [Petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See also Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1218 (8th Cir.), *cert. denied*, 515 U.S. 1163 (1995).

Upon consideration the Court finds that with this claim, Petitioner fails to demonstrate actual prejudice as a result of the alleged violation. The Supreme Court has held that in reviewing whether the evidence presented in state court was sufficient to support a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original) (citation omitted). Here, the Court's review of the record reveals that, based on the evidence presented at trial, a reasonable jury could have found that Petitioner intended to appropriate the driver's property without consent, and that while doing so, she threatened the use of violence in order to prevent resistance. While Petitioner apparently now claims she lacked the mental capacity to commit the crime, she offers no details regarding her alleged incapacity. Without said information, the Court cannot find that she suffered prejudice from the alleged error. In addition, because Petitioner has made no claim of actual innocence, she cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice.[4]

---

4 The fundamental miscarriage of justice exception "requires a habeas petitioner to present new evidence that affirmatively demonstrates that [s]he is innocent of the crime for which [s]he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (citations omitted), *cert. denied*, 549 U.S. 1036 (2006). "The requirements to establish the requisite probability of innocence are high.

*Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Washington v. Delo*, 51 F.3d 756, 761 (8th Cir.), *cert. denied*, 516 U.S. 876 (1995). Therefore, the claim raised in Ground 2 of the instant petition is procedurally barred and must be denied.

## III.   Ground 3

As stated above, in Ground 3 of her petition Petitioner asserts that she received ineffective assistance of counsel, in that trial counsel "[failed] to tell me about a plea offer on the eve of trial." (§ 2254 Petition, P. 9). As noted above, under federal law, in order to prevail on her ineffective assistance of counsel claim, Petitioner must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland*, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Upon consideration the Court finds that with this claim, Petitioner fails to satisfy either prong of the *Strickland* test. In her supporting facts Petitioner herself negates the basis for the claim, as follows: "Shortly before stepping into court for trial my attorney suggest[ed] that I should take a

---

[Petitioner] must first come forward with 'new' evidence, and then [s]he must show that 'it is more likely than not that no reasonable juror would have convicted [her] in light of the new evidence.'" *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (internal citations omitted), *cert. denied*, 547 U.S. 1022 (2006). With her pleadings, Petitioner does not come close to meeting this high standard.

plea that would send me to a mental hospital for a[n] unknown amount of time." With this statement, Petitioner acknowledges counsel did in fact advise her of the plea offer before trial. Counsel's performance thus was not deficient. Furthermore, Petitioner cannot demonstrate prejudice, as without an unprofessional error on counsel's part in the first instance, she cannot show the result of the proceeding would have been different absent said error. Ground 3 of Petitioner's § 2254 petition must therefore be denied.

## IV.   __Ground 4__

As stated above, in Ground 4 of her petition Petitioner asserts she received ineffective assistance of counsel, in that trial counsel failed to object to perjured testimony. Petitioner elaborates upon the claim as follows: "The [victim] made false statement that I hit her and threatened to stab her when the video and her own witness did not support her claim." (§ 2254 Petition, P. 11). Petitioner failed to present this claim during post-conviction litigation, and so the claim is defaulted. Thus, again, "federal habeas review of the claim[] is barred unless the [Petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Assuming without deciding that Petitioner has shown cause for the procedural default[5], the Court finds she fails to demonstrate the requisite prejudice. In other words, while Petitioner complains that the victim's recounting of the events was not corroborated, a conviction can be sustained even when the victim's testimony is not corroborated. *See, e.g., United States v. Kenyon*, 397 F.3d 1071, 1076 (8th Cir. 2005) (citations omitted) ("Even in the face of inconsistent evidence, a victim's testimony alone can be sufficient to support a guilty verdict."); *Green v. Kelley*, No.

---

5 When asked to explain why she did not exhaust state remedies on the claim, Petitioner responded that she "filed it in my post-conviction, but my public defender refused to file the facts supporting

– 10 –

5:14cv313-BSM-JTR, 2016 WL 484559, at *18 (E.D. Ark. Jan. 4, 2016) ("Although the victim's account of a 'second shooting' was uncorroborated and not supported by any forensic evidence, that does not mean it was perjured testimony which was knowingly used by the prosecutor.").  Petitioner thus fails to demonstrate that the result of the proceeding would have been different had her attorney lodged an objection to the testimony.  Further, as noted above Petitioner has made no claim of actual innocence, and so cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice.  *Schlup*, 513 U.S. at 327.  Therefore, the claim raised in Ground 4 of the instant petition is procedurally barred and must be denied.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and her claims are **DISMISSED** with prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  See *Cox v. Norris*, 133 F.3d 565, 569 (8ᵗʰ Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 13th Day of October, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

my claims in the brief."  (§ 2254 Petition, P. 11).

– 11 –